**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MICHAEL DUMIAK and | ) | |
| CHRISTOPHER SIMMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | VERIFIED COMPLAINT |
| VILLAGE OF DOWNERS GROVE; | ) | |
| Downers Grove Police Officers JEFFREY | ) | |
| GIERMANN, ROBERT JACOBS, JAY | ) | Case No. |
| JOHNSON, KENNETH LISTER, ALESSIA | ) | |
| MAROCCO, and JOSHUA NELSON, in their | ) | |
| individual and official capacities; | ) | |
| BRENDAN KELLY, Acting Director of the | ) | |
| Illinois State Police, in his official capacity; | ) | |
| and | ) | |
| ROBERT BERLIN, DuPage County State's | ) | |
| Attorney, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

1.    Plaintiffs Michael Dumiak and Christopher Simmons by and through their

attorneys, allege and state the following:

**INTRODUCTION**

2.    This case is about the constitutional right to ask for help. This is a facial and as-

applied challenge to content-based state and municipal restrictions that criminalize the act of

asking for charity to meet one's basic needs.

3.    Mr. Dumiak and Mr. Simmons (collectively, "Plaintiffs") seek to exercise their

fundamental rights of speech and expression by standing on a median strip holding up a

cardboard sign asking for help. Based on this speech, Defendants have harassed, ticketed, and

prosecuted Mr. Dumiak and Mr. Simmons under a section of the Illinois Vehicle Code, 625

1

ILCS 5/11-1006 (the "Solicitation Statute" or "the Statute"). Under the Statute, it is a misdemeanor to stand in a road for certain expressive purposes – soliciting contributions, employment, business, or rides from the occupant of a vehicle – but not others, like gathering petition signatures or religious proselytizing. The Statute further targets panhandling[1] for regulation by permitting municipalities to exempt statewide, registered charities – but not people who panhandle – from prosecution. The Statute prohibits all roadside panhandling, at all times and all locations, even when such activity is not dangerous or disruptive.

4.      Similarly, a Downers Grove ordinance (the "Downers Grove Ordinance" or the "Ordinance"), Downers Grove Municipal Code § 15.33, prohibits the solicitation of funds from vehicle occupants on a public road but exempts charitable solicitation.

5.      Because they single out panhandling for special regulation and are not narrowly tailored to achieve a compelling state interest, the Statute and the Ordinance violate the First Amendment on their face and as applied to the Plaintiffs.

6.      These unconstitutional restrictions hinder Mr. Dumiak and Mr. Simmons from meeting their basic needs and chill them from exercising their constitutional right to ask for help. Mr. Dumiak and Mr. Simmons seek a preliminary and permanent injunction, declaratory relief, damages, and other relief as appropriate.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises from the First Amendment to the United States Constitution.

8.      Venue is proper in this Court under 28 U.S.C. § 1391 because the unlawful practices complained of occurred within this District.

## PARTIES

---

[1] As used in this Complaint, panhandling means making requests for money or goods for personal use in a public place.

2

9.      Plaintiff Michael Dumiak is a resident of the state of Illinois. From time to time, Mr. Dumiak panhandles to help meet his basic needs. He solicits contributions from pedestrians and vehicle occupants by holding a cardboard sign asking for help. Mr. Dumiak regularly panhandles at the Butterfield-Finley intersection in Downers Grove, and sometimes elsewhere in DuPage County. He does not interfere with traffic or place himself or others at risk while holding his sign. Mr. Dumiak has been harassed, ticketed, prosecuted, and fined for expressing his needs in this manner.

10.      Plaintiff Christopher Simmons is a resident of the state of Illinois. Mr. Simmons is homeless and regularly panhandles to help meet his basic needs, including adequate shelter for the night. He solicits contributions from pedestrians and vehicles by holding a cardboard sign asking for help. This includes panhandling at the Butterfield-Finley intersection in Downers Grove, as well as elsewhere in Illinois. He does not interfere with traffic or place himself or others at risk while holding his sign. Mr. Simmons has been harassed, ticketed, prosecuted, and fined for expressing his needs in this manner.

11.      Defendant Village of Downers Grove ("Village") is a municipal corporation under Illinois law. Defendant Village enacted the Ordinance and operates the Downers Grove Police Department ("DGPD").

12.      Defendants Jeffrey Giermann, Robert Jacobs, Jay Johnson, Kenneth Lister, Alessia Marocco, and Joshua Nelson (collectively, "Defendant Officers") unlawfully cited Mr. Dumiak and Mr. Simmons under the unconstitutional Solicitation Statute. The Defendant Officers are now and were at the time of the events complained of herein officers in the Downers Grove Police Department. They are sued in their individual and official capacities.

3

13.     Defendant Brendan Kelly is the duly-appointed Acting Director of the Illinois State Police. As such, he is responsible for the management and control of the Illinois State Police. See 20 ILCS 2610/2. By statute, the Illinois State Police "*shall* enforce the provisions of The Illinois Vehicle Code . . . and *shall* patrol the public highways and rural districts to make arrests for violations of the provisions of such Act." 20 ILCS 2610/16. Pursuant to this duty, Illinois State Police may and do issue tickets to individuals under the Solicitation Statute, and they may do so anywhere in the state of Illinois. *Id.* Defendant Kelly is sued solely in his official capacity for declaratory and injunctive relief.

14.     Defendant Robert Berlin is the DuPage County State's Attorney. In this capacity, he is charged with the enforcement of the Solicitation Statute within DuPage County. He is sued solely in his official capacity for declaratory and injunctive relief.

15.     At all times relevant to this complaint, all Defendants were acting within the scope of their employment and under color of state law, and their conduct constituted state action.

## FACTS

### The Solicitation Statute

16.     The Solicitation Statute (625 ILCS 5/11-1006, or Section 11-1006 of the Illinois Vehicle Code), prohibits persons from standing in a road for the purpose of soliciting contributions, employment, business, or rides from the occupant of any vehicle. A violation of the Statute is punishable as a Class A misdemeanor. 625 ILCS 5/11-1006(e).

17.     The Statute targets speech based on its specific subject matter. The Statute prohibits pedestrians from standing in a highway – defined to include all roadways and median strips – to request contributions, employment, or business. It prohibits people from standing in

the roadway (which does not include median strips) to request rides.   It does not prohibit speech

on the highway on any other topic.  Pedestrians are free, for example, to stand in the median to

solicit signatures for political candidates or to pass out leaflets on topics other than those

specifically prohibited by the law.

18.     The Statute also permits municipalities to pass an ordinance that exempts

statewide, registered charities within municipal boundaries, but does not allow them to exempt

people who panhandle.

19.     The Statute is not tailored to address government interests such as public safety or

traffic flow. It prohibits all panhandling in the street, regardless of location, traffic volume, or

time of day. It also prohibits all panhandling from medians and curbsides, even where vehicles

may pull over safely and lawfully, or where they must stop at a traffic light or stop sign.

20.     Moreover, on information and belief, persons who request money for themselves

do not pose any greater threat to public safety or traffic flow than do persons who request money

for charities, those who request petition signatures, or those who stand on a highway to interact

with vehicle occupants about any other matter.

**The Downers Grove Ordinance**

21.     At all times relevant to this action, Defendant Village of Downers Grove has had

an Ordinance, which has some similarities to the Solicitation Statute. Although the Ordinance

was amended in February 2019, at all times relevant to this action, it has prohibited any person

from standing on any street or highway within Downers Grove "for purposes of soliciting

employment or business from the occupant of any vehicle." Downers Grove Municipal Code §§

15.32 (renumbered, as amended by Ord. 2019-8048 on Feb. 5, 2019); 14.77.1 (repealed Feb. 5,

2019 by Ord. 2019-8048).

22.     The Downers Grove Ordinance also implements the exemption for statewide charities set forth in the Statute. At all times relevant to this action, the Ordinance permitted representatives of statewide, registered charities to solicit donations on streets within Downers Grove, but not those who solicit charity to meet their own basic needs. Downers Grove Municipal Code §§ 15.33 (renumbered, as amended by Ord. 2019-8048 on Feb. 5, 2019); 14.77.1 (repealed Feb. 5, 2019 by Ord. 2019-8048).

23.     Unlike the Statute, the Ordinance includes a provision that specifically exempts political or religious activities from its bans on solicitation. Downers Grove Municipal Code § 15.29.

24.     Violations of the Ordinance are punishable by a fine of between $75 and $750, as well as court supervision of up to one year. Downers Grove Municipal Code §§ 15.34, 1.15.

25.     The solicitation prohibitions in the Downers Grove Ordinance apply without regard to location, traffic volume, or time of day, and include all medians, even where vehicles may pull over safely and lawfully, or where they must stop at a traffic light or stop sign.

**Plaintiffs' Speech**

26.     Mr. Simmons moved to DuPage County on approximately October 14, 2018 after completing a residential recovery program in Chicago. He was without housing and found emergency shelter on some nights through the DuPage PADS program.

27.     The DuPage PADS program offers shelter at a different site each night throughout DuPage County. The number of persons seeking shelter through DuPage PADS regularly exceeds site capacity, particularly during winter months. When that happens, the site holds a lottery to determine who will be permitted to stay the night. Individuals generally must arrive at the designated site by 6:45 or 7:00 p.m. each evening in order to secure a chance in the lottery

for sleeping arrangements (a pad, a pillow, and bedding on the floor). Some, but not all, sites offer showers and laundry.

28.     In October 2018, Mr. Simmons began panhandling in DuPage County in order to help meet his basic needs, including for bus fare to travel among the DuPage PADS sites as well as to pay for motel or hotel rooms so that he could take shelter from extreme weather, shower, and sleep in a bed.

29.     Mr. Dumiak was released from a reentry center to DuPage County on approximately November 2, 2018 and did not have housing. On some nights he found shelter through the DuPage PADS program. He began panhandling in DuPage County in order to help meet his basic needs, including for bus fare to travel among the DuPage PADS sites, train fare to visit his son, hotel or motel rooms on nights where he did not have anywhere else to stay, and for a cell phone and cell service.

30.     On or about December 4, 2018, Mr. Dumiak secured a late-night job making pizzas, which prevented him from arriving at the DuPage PADS sites on time.

31.     Because the job did not pay enough to secure permanent housing, Mr. Dumiak began panhandling during the day in order to earn enough money to pay for a place to sleep at night. On some days, panhandling was the only way that Mr. Dumiak could ensure that he had adequate shelter for the night.

32.     When panhandling, Mr. Dumiak and Mr. Simmons often request money from occupants of vehicles, typically by standing in a median strip at an intersection where vehicles are stopped, holding a cardboard sign asking for help. For example, while panhandling in DuPage County, Mr. Simmons held a sign reading, "GOD BLESS U / ANYTHING HELPS & IS A BLESSING! Thank U!" Mr. Dumiak held a sign reading, "GOD BLESS U / PLEASE

HELP! / Anything Helps / $ or ₵ / Trying to Keep WARM / NEED A ROOM." Mr. Dumiak and Mr. Simmons are careful to avoid obstructing traffic or otherwise placing themselves or others at risk when requesting or collecting contributions from pedestrians or persons in passing cars.

### Solicitation at the Butterfield-Finley Intersection in Downers Grove

33.     Since approximately November 2018, both Mr. Dumiak and Mr. Simmons have panhandled from time to time on the median strip at the intersection of Finley Road and Butterfield Road in Downers Grove ("the Butterfield-Finley intersection"). The Butterfield-Finley intersection is a four-way intersection with a traffic light and turning lanes. It includes multiple elevated areas where pedestrians can safely stand, including elevated median strips that separate traffic going in each direction and elevated pedestrian islands that separate right-turn traffic. Mr. Dumiak and Mr. Simmons stand with cardboard signs on the elevated median strip. During red lights, Mr. Dumiak and Mr. Simmons are able to safely communicate with and collect contributions from persons in vehicles stopped at the Butterfield-Finley intersection.

34.     Because the Butterfield-Finley intersection is busy and offers elevated areas where pedestrians can safely stand, it is a desirable location for soliciting contributions from vehicles. Representatives of nonprofit or charitable organizations – such as the Girl Scouts, Downers Grove Firefighters Local 3234, or the Salvation Army – regularly stand at the Butterfield-Finley intersection in order to solicit contributions or support for their causes.

35.     For example, members of the Downers Grove Firefighters Local 3234 stand on the median strip or in the road at the Butterfield-Finley intersection to solicit donations from passing vehicles as part of their annual "Fill the Boot" Drive to benefit the Muscular Dystrophy Association.[2] Photos from the MDA Chicagoland and Northern Illinois Facebook page from

---

[2] *See, e.g.*, https://patch.com/illinois/downersgrove/help-downers-grove-firefighters-fill-the-boot-for-mda.

June 4, 2015[3] (attached as Exhibit 1) show volunteers standing on the median strip, walking in

the street, and approaching cars in the street in Downers Grove as part of this drive.

36.     On May 10, 2019, Mr. Simmons saw several individuals standing on the median

strip or in the road at the Butterfield-Finley intersection to solicit donations on behalf of

Clearbrook, a local nonprofit organization. The individuals soliciting on behalf of Clearbrook

told Mr. Simmons that they had a permit to be there and that he had to leave. See Exhibit 2

(photo taken by Mr. Simmons on May 10, 2019).

**Defendants' Enforcement of the Solicitation Statute and the Downers Grove Ordinance**

37.     Defendant Village, the Defendant Officers, and Defendant Berlin have sought to

prevent Mr. Dumiak and Mr. Simmons from standing on the median strip at the Butterfield-

Finley intersection and holding signs asking for help.

38.     Defendant Officers have enforced the Solicitation Statute against Mr. Dumiak and

Mr. Simmons by ordering them to move away from the Butterfield-Finley intersection and

issuing citations. Mr. Dumiak and Mr. Simmons have been ticketed, prosecuted, and ordered to

pay hundreds of dollars in fines in connection with those citations.

39.     Defendant Officers cited Mr. Simmons under the Solicitation Statute at the

Butterfield-Finley intersection on November 16, 2018; November 24, 2018; December 20, 2018;

December 24, 2018; and February 21, 2019. Each of these citations has included a notice to

appear in court. Defendant Berlin's office has prosecuted Mr. Simmons three times based on

these citations. As a result, Mr. Simmons has been convicted of misdemeanors three times,

arrested and detained for failure to appear, sentenced to complete 10 hours of community service

and 3 months of court supervision, and assessed approximately $749 in fines and court fees. *See*

---

[3] https://www.facebook.com/MDAChicagolandandNorthernIllinois/posts/971827879502144.

DuPage County Court File 2018TR094233, Ex. 3; DuPage County Court File 2018TR096325.

Ex. 4; DuPage County Court File 2018TR103373, Ex. 5; DuPage County Court File

2018TR104022, Ex. 6; DuPage County Court File 2019TR013343, Ex. 7.

40.     Defendant Officers cited Mr. Dumiak under the Solicitation Statute at the

Butterfield-Finley intersection on December 27, 2018 and January 12, 2019. Each of these

citations has included a notice to appear in court. And after each citation, Defendant Berlin's

office prosecuted Mr. Dumiak. As a result, Mr. Dumiak has been assessed approximately $220

total in fines and court fees. *See* DuPage County Court File 2018TR104641, Ex. 8; DuPage

County Court File 2019TR003592, Ex. 9.

41.     Defendant Officers have targeted Mr. Dumiak and Mr. Simmons for enforcement

of the Solicitation Statute based on the content of their speech. On information and belief,

Defendant Officers have permitted individuals soliciting on behalf of nonprofit or charitable

organizations to stand on the median strip or in the road at the Butterfield-Finley intersection,

and in other intersections in Downers Grove, without interference or threats of enforcement.

42.     Defendant Berlin's office has prosecuted Mr. Dumiak and Mr. Simmons for

panhandling multiple times under the Solicitation Statute. In addition to prosecutions based on

the abovementioned citations from Downers Grove, Defendant Berlin's office also prosecuted

Mr. Simmons under the Statute for panhandling elsewhere in DuPage County on February 25,

2019. In connection with this charge, Mr. Simmons was required to appear at the DuPage County

Judicial Center at 8:00 a.m. on March 25, 2019 – a location nearly inaccessible to him by public

transportation at that hour. Because he was afraid he would be arrested and detained for failure to

appear if he was late for his court appearance, Mr. Simmons slept on a bench outside the

courthouse the night before.

43.     On March 19, 2019, counsel for Mr. Dumiak and Mr. Simmons sent a letter to Defendant Village ("the March 19 letter" or "the letter") explaining that the Solicitation Statute was unconstitutional and asking for written assurances that the Village (1) would not enforce or use the Statute, (2) would not otherwise interfere with the free speech of Mr. Dumiak and Mr. Simmons; (3) would dismiss any pending charges against them based on their panhandling; and (4) would cancel any fines, fees, costs or other debts owed to Defendant Village in conjunction with the Statute. The letter asked for a response by April 2, 2019. Defendant Village did not respond, and it still has not responded.

44.     On March 25, 2019, Plaintiffs' counsel forwarded the March 19 letter to Defendant Berlin and asked Defendant Berlin to "take this letter into account as you exercise your prosecutorial discretion with respect to these individuals." On April 1, 2019, Defendant Berlin's office dismissed pending charges against Mr. Simmons under the Statute, but did not otherwise respond to the letter or indicate whether he would refrain from prosecuting Plaintiffs for panhandling in DuPage County in the future.

**Harms to Mr. Dumiak and Mr. Simmons**

45.     Mr. Dumiak and Mr. Simmons would like to continue panhandling in Downers Grove, including at the Butterfield-Finley intersection, but are afraid that if they do so, Defendants will enforce the Statute and Ordinance against them. This has a direct and chilling effect on their right to freedom of speech.

46.     Mr. Dumiak and Mr. Simmons would also like to continue to panhandle along roadways and on median strips elsewhere in DuPage County but doing so would put them at risk of enforcement of the Solicitation Statute by the Illinois State Police and prosecution by the DuPage County State's Attorney Office. Panhandling anywhere else in Illinois will put them at

risk of being cited under the Statute by the Illinois State Police, which regularly issues citations and written warnings for violations of the Statute in DuPage County and elsewhere in the state. Such enforcement would lead to their prosecution, conviction and further accumulation of fines and court fees. This enforcement has a direct and chilling effect on their right to freedom of speech.

47. Defendants' unlawful conduct described herein directly and proximately caused, and continues to cause, deprivations of Mr. Dumiak's and Mr. Simmons' constitutional rights. Defendants' unlawful conduct described herein directly and proximately caused, and continues to cause, financial losses for Mr. Dumiak and Mr. Simmons, including fines and fees as well as loss of income from panhandling. Defendants' unlawful conduct also directly and proximately caused, and continues to cause, mental and emotional distress for Mr. Dumiak and Mr. Simmons.

**CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**First Amendment, Section 1983**
**(Against All Defendants Regarding the**
**Solicitation Statute)**

48. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

49. The streets, sidewalks and median strips in Downers Grove, DuPage County, and elsewhere in Illinois are traditional public forums where the government's authority to regulate speech is at its lowest.

50. By holding a sign asking for help and peacefully asking for donations in a traditional public forum, Mr. Dumiak and Mr. Simmons engage in speech protected by the First Amendment to the United States Constitution.

51. The Solicitation Statute regulates speech based on its subject and purpose.

52. The Statute is not narrowly tailored to serve a compelling state interest.

53. The Statute is overbroad on its face and unconstitutionally infringes Plaintiffs' rights to freedom of speech and expression by restricting a substantial volume of peaceful, non-dangerous, and constitutionally protected speech.

54. Under clearly established law, the Statute violates the First Amendment of the United States Constitution, on its face and as applied to Mr. Dumiak and Mr. Simmons.

55. The actions of Defendants described herein violated and continue to violate Plaintiffs' right to freedom of speech under the First Amendment to the United States Constitution as incorporated by the Fourteenth Amendment.

56. The unconstitutional Statute and Defendants' acts pursuant thereto have caused and continue to cause damages and irreparable harm to the Plaintiffs.

**SECOND CAUSE OF ACTION**
**First Amendment, Section 1983**
**(Against Defendant Village and Defendant Officers Regarding the**
**Downers Grove Ordinance)**

57. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

58. The streets, sidewalks and median strips in Downers Grove, DuPage County, and elsewhere in Illinois are traditional public forums where the government's authority to regulate speech is at its lowest.

59. By holding a sign asking for help and peacefully asking for donations in a traditional public forum, Mr. Dumiak and Mr. Simmons engage in speech protected by the First Amendment to the United States Constitution.

13

60. The Downers Grove Ordinance regulates speech based on its purpose or subject matter. It is not narrowly tailored to serve a compelling state interest.

61. The Downers Grove Ordinance is also overbroad on its face and as applied to Plaintiffs because it restricts a substantial volume of peaceful, non-dangerous, and constitutionally protected speech.

62. Under clearly established law, the Downers Grove Ordinance violates the First Amendment of the United States Constitution on its face and as applied to Mr. Dumiak and Mr. Simmons.

63. The actions of Defendants described herein violated and continue to violate Mr. Dumiak's and Mr. Simmons' rights to freedom of expression under the First Amendment to the United States Constitution as incorporated by the Fourteenth Amendment.

64. The unconstitutional Downers Grove Ordinance and Defendants' acts pursuant thereto have caused and continue to cause damages and irreparable harm to the Plaintiffs.

## **REQUEST FOR RELIEF**

For the foregoing reasons, Mr. Dumiak and Mr. Simmons respectfully request that this Court grant the following relief:

A. Declaratory relief, including but not limited to a declaration that the Solicitation Statute and the Downers Grove Ordinance are unconstitutional on their face and as applied to Mr. Dumiak and Mr. Simmons;

B. Injunctive relief against all Defendants, including but not limited to preliminary and permanent injunctions enjoining Defendants from enforcing the Solicitation Statute and the Downers Grove Ordinance, and from otherwise interfering with the free speech of Mr. Dumiak and Mr. Simmons;

14

C.     Damages against Defendant Village and the Defendant Officers, including for

violating Mr. Dumiak's and Mr. Simmons' constitutional rights;

D.     Pre-judgment and post-judgment interest;

E.     Costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. §

1988 and

F.     Such other relief as the Court deems just and proper.


Dated: August 20, 2019                         Respectfully submitted,

                                               Michael Dumiak and Christopher Simmons

                                               By: */s/ Christopher Gerardi Jr.*
                                               One of their attorneys

Everett J. Cygal                Rebecca Glenberg            Diane O'Connell
Christopher A. Nelson           **ACLU of Illinois**        Arturo Hernandez
Christopher L. Gerardi          150 N. Michigan Ave.        **Law Project of the Chicago**
Jr. **Schiff Hardin, LLP**      Suite 600,                  **Coalition for the Homeless**
233 S. Wacker Dr,               Chicago, IL 60601           70 E. Lake St.,
Suite 7100                      (312) 201-9740              Suite 720
Chicago, IL 60606               rglenberg@aclu-il.org       Chicago, IL 60601
(312) 258-5500                                              (312) 641-4140
ecygal@schiffhardin.com                                     diane@chicagohomeless.org
cnelson@schiffhardin.com                                    arturo@chicagohomeless.org
cgerardi@schiffhardin.com


*Counsel for Plaintiffs*